

FILED

JUN 27 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Steven D. Turner (State Bar No. 172852)
sturner@jonesturner.com
Ron H. Burnovski (State Bar No. 172109)
rburnovski@jonesturner.com
JONES TURNER, LLP
2 Venture, Suite 220
Irvine, California 92618
Telephone: (949) 435-4100
Facsimile: (949) 435-4105

Attorneys for Applicant
HOTELES CITY EXPRESS, SOCIEDAD
ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 18 80112 MISC.

| | |
|---|---|
| IN RE APPLICATION OF HOTELES CITY EXPRESS, SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE pursuant to 28 U.S.C. § 1782 For Judicial Assistance in Obtaining Evidence From FACEBOOK, INC. | Case No. DECLARATION OF YOLANDA MEDINA RODRIGUEZ IN SUPPORT OF EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN TRIBUNAL PURSUANT TO 28 U.S.C. § 1782 |

DECLARATION OF YOLANDA MEDINA RODRIGUEZ

I, Yolanda Medina Rodriguez, hereby declare as follows:

1.    I am an attorney duly licensed to practice in Mexico with professional license number 10728660. I am an associate in the law firm of Torres Lindsey Abogados, S.C. located in Monterrey, Nuevo León, Mexico.

2.    My law firm has been retained by and represents Hoteles City Express, Sociedad Anónima Bursátil De Capital Variable ("Hoteles City Express"), a publicly traded company in the Mexico Stock Exchange.

3.    I have personal knowledge of the facts stated herein and could and would testify to said facts if called upon to do so.

1

DECLARATION RE EX PARTE APPLICATION PURSUANT TO 28 U.S.C. §1782

4.     I submit this declaration in support of Hoteles City Express' Ex Parte Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Tribunal Pursuant to 28 U.S.C. § 1782 (the Application"), which is being filed concurrently herewith.

5.     Hoteles City Express retained my firm and I to commence a lawsuit in Mexico civil court on its behalf in order to seek damages from the individual, and potentially other persons and/or entities, responsible for the making of slanderous/libelous statements about Hoteles City Express and the re-publication of such statements in a video that was posted to a Facebook page that is believed to be owned and used an individual named José Juan Espinosa Torres, a public figure in Mexico that is presently running for office in the State of Puebla México.

6.     On May 28, 2018, Mr. Espinosa held a public event outside of Hoteles City Express' facilities in Puebla where, Hoteles City Express contends, he made several slanderous/libelous statements against Hoteles City Express that, to reach a greater audience, were streamed live through Mr. Espinosa's Facebook profile. Following the event, numerous photos and a video of the event with said statements were posted to the Facebook page of Mr. Espinosa. The statements made by Mr. Espinosa were also picked up by national newspapers. Hoteles City Express contends that the slanderous/libelous statements that were made caused it substantial economic damage, a perceptible decline in price of the listed stock of Hoteles City Express at the Mexican Stock Exchange, and also caused damages to its honor and reputation.

7.     Therefore, the Application is intended to seek leave for limited discovery from Facebook, Inc, to obtain business records from Facebook, Inc. for use in Hoteles City Express' intended civil action in Mexico. I anticipate my firm will file Hoteles City Express' civil action in Mexico

2

DECLARATION RE EX PARTE APPLICATION PURSUANT TO 28 U.S.C. §1782

civil court as soon as the discovery being requested is approved and the business records can be obtained from Facebook, Inc.

8.    Before seeking to have the present Application filed to obtain the information from Facebook, Inc., I contacted Facebook Latin America and was informed by its legal department that the only way to obtain any account information from Facebook was through a valid court order issued in California.  I verified this information at Facebook's official web page located at the following URL: https://www.facebook.com/help/473784375984502, where it states, in pertinent part in regards to "Account Information", that:

> Facebook may provide the available basic subscriber information (not content) where the requested information is indispensable to the case, and not within a party's possession upon personal service of a valid subpoena or court order and after notice to affected account holders.

> ...if serving the subpoena on Facebook, Inc., the subpoena must be a valid federal, California or California domesticated subpoena, addressed to and served on Facebook, Inc.

9.    Consequently, Hoteles City Express' Application is not being filed or made with the purpose of eluding or evading the laws of Mexico or the procedural rules of its civil courts.  On the contrary, it is filed solely for the purpose of obtaining limited evidence in the hands of a third-party, Facebook, Inc., who will not be named or involved in Hoteles City Express' intended civil action in Mexico.

10.    Moreover, applicable civil procedure rules of Puebla Mexico, where the intended civil action is to be filed, will require Hoteles City Express to enclose all available evidence and documentation to support the intended action at the time of its filing.  As translated, Article 195 of the Procedural Civil Code of Puebla Mexico provides: "**Article 195.** Along with the lawsuit, it should be annexed: I. The document or documents that demonstrate the standing of the claimant, in case of that he appears on

3

DECLARATION RE EX PARTE APPLICATION PURSUANT TO 28 U.S.C. §1782

behalf of another person; II.- The documents on which the claim is based. Ill.- The other documents that tend to justify the facts constituting the action." A failure to annex such documents with a complaint generally results in the evidence being considered non-admissible if a party attempts to file it at a later stage of the legal proceedings, unless such evidence specifically refers to supervening facts that were unknown to plaintiff at the time of the initial filing and certain other legal requirements are met. Such requirements are narrowly construed and scrutinized by Mexican courts. That is the reason why Hoteles City Express needs to have the requested discovery before actually filing its initial pleading in Mexico court.  Hoteles City Express would not be able to gather said evidence except through the current Application.

11.   Thus, the evidence sought will assist Hoteles City Express to support its intended civil action by confirming the identity of the person(s) involved in the making and/or posting and re-publication of statements that were defamatory and have damaged Hoteles City Express.  The person (or persons) involved will be named an alleged tortfeasor in the civil action to be asserted in Mexico civil court.  As stated, there is no other available means to obtain the evidence being requested through the Application without resorting to a request under 28 U.S.C. §1782.

///
///
///
///
///
///
///
///

4

DECLARATION RE EX PARTE APPLICATION PURSUANT TO 28 U.S.C. §1782

12.    Finally, there are no rules, regulations, codes or laws of Mexico that would prohibit Hoteles City Express' Application or the request for discovery that is being made through the Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of June, 2018 in Monterrey, Nuevo León, Mexico.

Yolanda Medina Rodriguez

5

DECLARATION RE EX PARTE APPLICATION PURSUANT TO 28 U.S.C. §1782