UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF<br>HOTELES CITY EXPRESS, SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE | Case No.18-mc-80112-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE**<br><br>Re: Dkt. No. 1 |

Applicant Hoteles City Express filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Here, Hoteles seeks an order granting it permission to issue a subpoena to obtain documents from non-party Facebook, Inc. sufficient to show the subscriber identity for a Facebook page allegedly containing defamatory statements regarding Hoteles. Upon consideration of the application and the relevant legal authority, the Court DENIES the application without prejudice to renewal.

**BACKGROUND**

Hoteles is preparing to file a lawsuit in Mexico civil court seeking damages from individuals(s) responsible for making defamatory statements about Hoteles and republishing such statements in a video posted on Facebook. (Dkt. No. 2 at ¶ 5.) Hoteles believes the Facebook page at issue belongs to an individual named Jose Juan Espinosa Torres, a public figure in Mexico who is running for office in the State of Puebla Mexico. (*Id.*) On May 28, 2018, Mr. Espinosa held a public event outside of Hoteles' facilities in Puebla and allegedly made "several slanderous/libelous statements against Hoteles City Express that, to reach a greater audience, were

streamed live through Mr. Esiponsa's Facebook profile." (*Id*. at ¶ 6.) Following this event, numerous photos and a video of the event were allegedly posted to Mr. Espinosa's Facebook page. (*Id*.) The statements were also picked up by national newspapers. (*Id*.) Hoteles contends that these statements caused substantial economic damages. (*Id*.)

Hoteles thus seeks the opportunity to issue a subpoena to Facebook seeking documents which reflect:

> (1) the subscriber information identifying the "owner" of the Facebook page located at the following URL: https://www.facebook.com/JoseJuanEsp/;
> and
> (2) the subscriber information identifying the person or entity that owns the Facebook page and/or posted the video located at the following URL: https://www.facebook.com/JoseJuanEsp/videos/995968837194947/

(Dkt. No. 1 at 10.) Hoteles previously contacted Facebook Latin American and was told that the only way to obtain this information was through a court order. (Dkt. No. 2 at ¶ 8.) Under the civil procedure rules in Puebla Mexico, Hoteles must enclose all available evidence and documentation supporting their action at the time of filing. (*Id.* at ¶ 10 (referencing Article 195 of the Procedural Civil Code of Puebla Mexico.) It thus contends that it needs this discovery prior to filing the civil action in Mexico. (*Id*.)

**LEGAL STANDARD**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need

2

not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same). The same is generally true for Section 1782 applications brought by private parties. *See, e.g.*, *Mak v. For the Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *1-2 (N.D. Cal. July 16, 2012) (denying motion to quash after having granted ex parte application for deposition subpoena under Section 1782); Order, *In re Gianasso*, No. 3:12-mc-80029 (N.D. Cal. Feb. 28, 2012), ECF No. 6; Order, *In re Am. Petroleum Inst.*, No. 5:11-mc-80008 (N.D. Cal. Apr. 7, 2011), ECF No. 6.

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that

the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Nat'l Ct. Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

## DISCUSSION

Hoteles' application satisfies the minimum requirements of Section 1782. First, Facebook's principal place of business is in Menlo Park, California which is within the Northern District of California. Second, although the discovery is not sought for a proceeding presently pending before a foreign tribunal, Hoteles has shown a "reasonable contemplation" of litigation. *See Intel*, 542 U.S. at 259. Third, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28 U.S.C. § 1782(a). Hoteles—as the prospective litigant—has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, the instant *ex parte* application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

The Court however declines to exercise its discretion to grant the ex parte application without additional information regarding the nature of the defamatory statements made and contained on the Facebook account for which Hoteles seeks identifying information. The Declaration of Yolanda Medina Rodriguez offered in support of the ex parte application attests to the legal conclusion that Jose Juan Espinosa Torres's statement were "slanderous/libelous," but

4

does not describe what the statements actually were. (Dkt. No. 2 at ¶ 6.)

Discovery under § 1782 is guided by the applicable standards found in the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782 (providing that, "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure). A court may authorize early discovery for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Generally, a "good cause" standard applies to determine whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*. When the identity of a party is not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (internal citation and quotation marks omitted). In evaluating whether an applicant establishes good cause to learn the identity of an unknown party through early discovery, courts examine whether

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Here, Hoteles has provided insufficient information for the Court to determine whether it could actually state a claim for defamation under Mexican law. Without further information regarding the statements themselves and the law governing any claim based on the statements, the Court declines to grant the Section 1782 application.

5

**CONCLUSION**

For the reasons described above, the Court DENIES Hoteles' ex parte application without prejudice. Hoteles shall file an amended application with the relevant supporting documentation within 14 days. If Hoteles fails to do so, the Clerk shall close the action.

**IT IS SO ORDERED.**

Dated: July 13, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge