UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HOTELES CITY EXPRESS, SOCIEDAD ANONIMA BURSATIL DE, | Case No.18-mc-80112-JSC<br><br>**ORDER GRANTING RENEWED EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE**<br><br>Re: Dkt. No. 5 |

Applicant Hoteles City Express filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Hoteles sought an order granting it permission to issue a subpoena to obtain documents from non-party Facebook, Inc. sufficient to show the subscriber identity for a Facebook page allegedly containing defamatory statements regarding Hoteles. The Court found Hoteles' application satisfied the minimum requirements of Section 1782, but denied the application without prejudice to renewal because Hoteles had failed to provide sufficient information regarding the defamatory statements. (Dkt. No. 4.) Hoteles' renewed application resolves the Court's concerns and the Court GRANTS the application as set forth below.

**BACKGROUND**

Hoteles is preparing to file a lawsuit in Mexico civil court seeking damages from individuals(s) responsible for making defamatory statements about Hoteles and republishing such statements in a video posted on Facebook. (Dkt. No. 5-1 at ¶ 5.) Hoteles believes the Facebook page at issue belongs to an individual named Jose Juan Espinosa Torres, a public figure in Mexico

who is running for office in the State of Puebla Mexico.  (*Id*. at ¶¶ 5-6.)  On May 28, 2018, Mr. Espinosa held a public event outside of Hoteles' facilities in Puebla and allegedly made "several slanderous/libelous statements against Hoteles City Express that, to reach a greater audience, were streamed live through Mr. Esiponsa's Facebook profile."  (*Id*. at ¶ 6.) The statements included

> accusing Hoteles City Express of profiting from an alleged diversion of public funds made by Mr. Rafael Moreno Valle Rosas during his time in office as governor of Puebla. Mr. Espinosa asserted that until 2014, Hoteles City Express had no more than 15 hotels throughout Mexico and since Moreno Valle took office as governor of the State of Puebla, Hoteles had 'inexplicably' experienced an exponential growth reaching a figure of 138 units opened and functioning today. Mr. Espinosa stated that said "exponential growth" was the consequence of corruption and inappropriate use of public funds diverted by former governor Moreno Valle.

(*Id*.)  Following this event, numerous photos and a video of the event were allegedly posted to Mr. Espinosa's Facebook page.  (*Id*. at ¶ 7.)  The statements were also picked up by national newspapers.  (*Id*.)  Hoteles contends that these statements caused substantial economic damages.  (*Id*. at ¶ 12.)

Hoteles thus seeks the opportunity to issue a subpoena to Facebook seeking documents which reflect:

(1) the subscriber information identifying the "owner" of the Facebook page located at the following URL: https://www.facebook.com/JoseJuanEsp/;

and

(2) the subscriber information identifying the person or entity that owns the Facebook page and/or posted the video located at the following URL: https://www.facebook.com/JoseJuanEsp/videos/995968837194947/

(Dkt. No. 1 at 10.)  Hoteles previously contacted Facebook Latin American and was told that the only way to obtain this information was through a court order.  (Dkt. No. 5-1 at ¶ 14.)  Under the civil procedure rules in Puebla Mexico, Hoteles must enclose all available evidence and documentation supporting their action at the time of filing.  (*Id.* at ¶ 16 (referencing Article 195 of the Procedural Civil Code of Puebla Mexico.)  It thus contends that it needs this discovery prior to filing the civil action in Mexico.  (*Id*.)

1    The Court previously denied Hoteles' application without prejudice to renewal. (Dkt. No.
2    4.) Hoteles thereafter filed a renewed application accompanied by a supplemental Declaration of
3    Yolanda Medina Rodriguez. (Dkt. Nos. 5; 5-1.)

**DISCUSSION**

**A. Statutory Authority**

As the Court previously found, Hoteles' application satisfies the minimum requirements of Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 266-61 (2004). First, Facebook's principal place of business is in Menlo Park, California which is within the Northern District of California. Second, although the discovery is not sought for a proceeding presently pending before a foreign tribunal, Hoteles has shown a "reasonable contemplation" of litigation. *See Intel*, 542 U.S. at 259. Third, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28 U.S.C. § 1782(a). Hoteles—as the prospective litigant—has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, the instant *ex parte* application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

**B. Discretion**

In addition to these statutory requirements, however, the court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 266-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are

3

that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

Here, Facebook is not a party to the prospective Mexican proceedings, and therefore discovery regarding the Facebook account is unattainable absent Section 1782(a) aid. Further, Hoteles represents that under Article 195 of the Procedural Civil Code of Puebla Mexico, it cannot file a civil action in Mexico until it has the documents or evidence upon which its claims are based; however, as soon as Hoteles obtains information responsive to the subpoena, it will file the lawsuit. (Dkt. No. 5-1 at ¶ 16.) This adequately demonstrates that the request is not an attempt to circumvent proof-gathering restrictions in either Mexico or the United States, and that the Mexican court would be receptive to an order from this Court. Further, it is not obvious that the production of this information is unduly burdensome.

Finally, while the Court previously denied Hoteles' application because Hoteles had provided insufficient information from which the Court could determine whether it could actually state a claim for defamation under Mexican law, Hoteles' renewed application has cured these defects. *See* 28 U.S.C. § 1782 (providing that discovery under § 1782 is guided by the applicable standards found in the Federal Rules of Civil Procedure); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (holding that when the identity of a party is not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). Hoteles' renewed application contains the requisite information to demonstrate that it could state a claim for defamation under Mexican law. Namely, a detailed description of the allegedly defamatory statements as well as the Mexican law which governs bringing a claim based on these statements. The Court thus concludes that there is good cause to grant the requested discovery.

## CONCLUSION

For the reasons described above, the Court GRANTS the 1782 application with the

4

following conditions:

1. The Subpoena is limited to seeking documents in the two categories previously indicated: (1) the subscriber information identifying the "owner" of the Facebook page located at the following URL: https://www.facebook.com/JoseJuanEsp/; and (2) the subscriber information identifying the person or entity that owns the Facebook page and/or posted the video located at the following URL: https://www.facebook.com/JoseJuanEsp/videos/995968837194947/. (Dkt. No. 1 at 10.)

2. Hoteles may only use the information obtained for the sole purpose of the Mexican proceedings and may not release any identifying information without a court order authorizing release of the information.

3. Within 7 calendar days after service of the subpoenas, Facebook shall notify the account holder(s) that their identities are sought by Hoteles and serve a copy of this order on each account holder. Each account holder whose identity is sought may, within 21 days from the date of the notice, file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If the account holder contests the subpoena, Facebook must preserve (but not disclose) the information sought by the subpoena pending resolution of the case.

4. The return date of the subpoena shall be set after the expiration of the 30-day period to allow Facebook to contest the subpoena if it has a good faith basis for doing so. Should Facebook file a motion to quash, this action shall automatically be reopened.

**IT IS SO ORDERED.**

Dated: August 8, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge